WRIGHT, FINLAY & ZAK, LLP
T. Robert Finlay, Esq., SBN 167280
Patricia L. Penny, Esq., SBN 124969
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660
Tel: (949) 477-5050; Fax: (949) 608-9142

Attorneys for Defendants, M&T BANK and LAKEVIEW LOAN SERVICING, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELIA O. GONZALEZ, an individual; EMILIO F. CASTILLO, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> M&T BANK; LAKEVIEW LOAN SERVICING, LLC; QUALITY LOAN SERVICE CORPORATION; DOES 1 THROUGH 100, INCLUSIVE <br><br> Defendants. | Case No. <br><br> **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §1441(b)** <br><br> **[DIVERSITY OF CITIZENSHIP]** <br><br> Complaint Filed: February 6, 2015 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, FOR THE CENTRAL DISTRICT OF CALIFORNIA, ALL PARTIES, AND THEIR COUNSEL OF RECORD, IF ANY:**

**PLEASE TAKE NOTICE** that, pursuant to 12 U.S.C. Section 1332 and 28 U.S.C. Section 1441(b), Defendants, M&T BANK ("M&T") and LAKEVIEW LOAN SERVICING, LLC ("Lakeview"), hereby gives notice of the removal of this action from the Superior Court of California, County of Los Angeles, where it

is presently pending, to the United States District Court, for the Central District of California. As grounds for this removal, M&T and Lakeview assert the following:

## THE ACTION BEING REMOVED

1. On February 6, 2015, Plaintiffs, CELIA O. GONZALEZ, an individual and EMILIO F. CASTILLO, an individual ("Plaintiffs") filed a complaint in the Superior Court of the State of California, County of Los Angeles ("State Court"), entitled <u>Celia O. Gonzalez and Emilio F. Castillo v. M&T Bank et al.,</u> Case No. BC571871 (the "State Court Action"). A true and correct copy of the complaint on file in the State Court Action is attached hereto as **Exhibit ("Ex.") 1.** Pursuant to 28 U.S.C. Section 1446(a), M&T and Lakeview have attached hereto as **Ex. 2** copies of all other available pleadings and orders filed with the State Court in the State Court Action. M&T and Lakeview will supplement this Removal with remaining pleadings and orders filed with the State Court in the State Court Action, if any, as soon as they are received.

## REMOVAL BASED ON DIVERSITY OF CITIZENSHIP

2. The State Court Action may be removed to the United States District Court in accordance with 28 U.S.C. Section 1441(b), since this District Court has original jurisdiction over the State Court Action on the basis of diversity of citizenship pursuant to 12 U.S.C. Section 1332. Specifically, the State Court Action is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000.00.

3. **Diversity of Citizenship**.

In order to qualify for diversity of citizenship jurisdiction, all of the named plaintiffs' citizenships <u>must</u> be completely diverse from all the named defendants' citizenships, excluding nominal, fraudulent and/or sham defendants. <u>Strawbridge v. Curtiss,</u> 7 U.S. (3 Cranch) 267 (1806); see, <u>Grupo Dataflux v. Atlas Global Group, LP,</u> 541 U.S. 567, 571 (2004).

///

**a.   Plaintiffs' Citizenship**.

Plaintiffs are natural persons. For diversity jurisdiction purposes, a natural person's citizenship is determined by his or her naturalization to the United States and domicile state at the time of filing (which is the state he or she resides in with the intention to remain or to which he or she intends to return). <u>Kanter v. Warner–Lambert Co.</u>, 265 F.3d 853, 857 (9th Cir. 2001). Here, at the time of filing the State Court Action, Plaintiffs reside in Los Angeles, Los Angeles County, State of California. (Ex. 1, Complaint, paragraph 5.) Therefore, Plaintiffs are citizens of the State of California for the purposes of diversity citizenship jurisdiction.

**b.   Defendant M&T Mortgage Corporation's Citizenship**.

M&T is a New York Corporation with its principal place of business in Buffalo, New York. A "…corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1) (Emphasis added.) As a result, for diversity purposes, M&T is a citizen of New York.

**c.   Defendant Lakeview Loan Servicing, LLC's Citizenship**.

Lakeview is a Florida Limited Liability Company with its principal place of business in Coral Gables, Florida. A limited liability company "is a citizen of every state of which its owners/members are citizens." <u>Johnson v. Columbia Props. Anchorage, LP,</u> 437 F.3d 894, 899 (9th Cir. 2006). As a result, for diversity purposes, Lakeview Loan Servicing, LLC is a citizen of Florida.

**d.   Defendant QualityLoan Service Corporation's Citizenship.**

Defendant, Quality Loan Service Corporation ("Quality") is merely the foreclosure trustee. Quality's citizenship is irrelevant to the diversity inquiry because it filed a DNMS pursuant to California Civil Code Section 2924*l* in the State Court Action, no objections to that DNMS have been filed, and the statutory time within which to object has now passed. Cal. Civ. Code § 2924*l*(c). As such,

under section 2924*l*(d), Quality has transformed itself into a non-party to this lawsuit. Cal. Civ. Code § 2924l(d).

Federal courts have acknowledged that a party that invokes non-monetary status under Civil Code section 2924*l* need not consent to removal and is not to be treated as a defendant to the action. Thus, Quality's "citizenship is disregarded for purposes of assessing diversity jurisdiction." See, Tabula v. Washington Mutual Bank, 2011 WL 1302800, *1, n. 1 (N.D. Cal., 2011); Cabriales v. Aurora Loan Servs., 2010 WL 761081, *1 (N.D. Cal., 2010); see also, Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 461 (1980) ("[a] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy"); and see, 6 C. Wright & A. Miller, Federal Practice and Procedure § 1556, pp. 710-711 (1971). Therefore, Quality can no longer be held liable and need not participate in this action in any way. Id.

Because no Defendant has the same citizenship as Plaintiff, complete diversity of citizenship exists.

### 4. Amount in Controversy.

In addition to diversity of citizenship, "the matter in controversy [must] exceed[s] the sum or value of $75,000, exclusive of interest and costs…" 28 U.S.C. §1332(a)(1). In the context of removal of an action based on diversity jurisdiction, where the complaint does not specify a particular amount of damages -- such as in the present case -- the removing defendant must show, by a preponderance of the evidence, that the amount in controversy exceeds the statutory minimum. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). In other words, "the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." Id., accord, Saulic v. Symantec Corp., 2007 WL 5074883 at * 2 (C.D.Cal. 2007).

Here, although Plaintiffs do not allege a specific amount of damages, the original loan which forms the basis of the lawsuit recites a principal balance of a Note in the amount of $328,932. (Ex. 1, Complaint and Exhibit A attached thereto). Further, Plaintiffs are in default on that loan and seek a modification of it. Thus, the amount in controversy exceeds $75,000.

**5.     Timeliness**.

Plaintiffs filed the State Court Action on February 6, 2015. They caused the Complaint in the State Court Action to be served on Lakeview on March 18, 2015. They caused the Complaint in the State Court Action to be served on M&T by Notice and Acknowledgment to counsel for M&T on March 4, 2015. M&T's counsel executed that Notice and Acknowledgement on March 20, 2015. Therefore, this Notice of Removal is timely as required by 28 U.S.C. Section 1446(b).

**6.     Consent.**

As set forth above, since Quality filed a DNMS under California Civil Code section 2924*l*, to which there was no objection by Plaintiffs, Quality need not consent to removal and is not to be treated as a defendant to the lawsuit. <u>Cabriales,</u> 2010 WL 761081, *1; <u>Wise v. Suntrust Mortg., Inc.,</u> 2011 WL 1466153, *4 (N.D. Cal., 2011) (citing <u>Amaro v. Option One Mortgage Corp.,</u> 2009 WL 103302, at *1 (C.D. Cal., 2009)) (party that declared non-monetary status did not need to consent to removal of the case to federal court). Accordingly, Quality's consent to removal is not necessary. Nonetheless, M&T did obtain Quality's consent to removal, which was confirmed via email.

///
///
///
///
///

1    **WHEREFORE**, the State Court Action is hereby removed to this United
2    States District Court, for the Central District of California, and M&T prays that
3    this District Court proceed pursuant to 28 U.S.C. Section 1441 and any other
4    applicable law as if the State Court Action had been originally filed in this District
5    Court.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | **WRIGHT, FINLAY & ZAK, LLP** |
| Dated: April 16, 2015      By: | */s/ Patricia L/ Penny* |
|  | T. Robert Finlay, Esq. |
|  | Patricia L. Penny, Esq. |
|  | Attorneys for Defendant, M&T BANK and LAKEVIEW LOAN SERVICING, LLC |

# **PROOF OF SERVICE**

I, Jovete Elguira, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.

On April 16, 2015, I served the within **NOTICE OF REMOVAL** on all interested parties in this action as follows:

[X]   by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Le'Roy T. Roberson, Esq.
Tiffany N. Romaine, Esq.
DISTRICT LAW FIRM
3380 Flair Drive, Suite 233
El Monte, CA 91731
*Attorneys for Plaintiffs,*
*Celia Gonzalez and Emilio F. Castillo*

[X]   (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[ ]   (BY OVERNIGHT EXPRESS - NEXT DAY DELIVERY) I placed true and correct copies of thereof enclosed in a package designated by Federal Express with the delivery fees provided for.

[X]   (FEDERAL) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 16, 2015, at Newport Beach, California.

/s/     Jovete Elguira
Jovete Elguira