1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WRIGHT, FINLAY & ZAK, LLP
T. Robert Finlay, Esq., SBN 167280
Patricia L. Penny, Esq., SBN 124969
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660
Tel: (949) 477-5050; Fax: (949) 608-9142

Attorneys for Defendants, M&T BANK and LAKEVIEW LOAN
SERVICING, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELIA O. GONZALEZ, an individual; EMILIO F. CASTILLO, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> M&T BANK; LAKEVIEW LOAN SERVICING, LLC; QUALITY LOAN SERVICE CORPORATION; DOES 1 THROUGH 100, INCLUSIVE <br><br> Defendants. | Case No. 2:15-cv-02811-GW-AS <br><br> **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** <br> **[FRCP Rule 12(b)(6)]** <br><br> Date:   June 22, 2015 <br> Time:  8:30 a.m. <br> Ctrm:  10 <br><br> Complaint Filed: February 6, 2015 <br><br> *[Filed concurrently with the Request for Judicial Notice and Proposed Order]* |

## TO THE CLERK OF THIS COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD, IF ANY:

**PLEASE TAKE NOTICE** that on June 22, 2015 at 8:30 a.m. in Courtroom 10, of the above-entitled Court, located at 312 North Spring Street, Los Angeles,

California 90012, Defendants, M&T BANK("M&T" ) and LAKEVIEW LOAN
SERVICING, LLC ("Lakeview"), will move this court for an Order dismissing the
Complaint ("Complaint") of Plaintiffs, CELIA O. GONZALEZ, an individual and
EMILIO F. CASTILLO, an individual (collectively "Plaintiffs")  pursuant to
Federal Rule of Civil Procedure ("FRCP") Rule 12(b)(6) for the failure to state a
claim upon which relief can be granted.  This motion is made on the grounds that
Plaintiffs have failed to plead the essential facts which give rise to their claims
and/or the claims are barred on their face, as confirmed by matters which may be
properly judicially noticed by this court.

This motion will be based upon this notice of motion and motion, the
attached memorandum of points and authorities, the complete files and records in
this action, the Request for Judicial Notice filed concurrently herewith, the oral
argument of counsel and upon such other and further evidence as this court might
deem proper.

This motion is made following the conference of counsel pursuant to LR 7-3
which took place on April 16, 2015.

Respectfully submitted,

**WRIGHT, FINLAY & ZAK, LLP**

Dated: April 21, 2015          By:   */s/ Patricia L/ Penny*

T. Robert Finlay, Esq.
Patricia L. Penny, Esq.
Attorneys for Defendants,
M&T BANK and LAKEVIEW
LOAN SERVICING, LLC

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS'
COMPLAINT

# **TABLE OF CONTENTS**

**Page No.**

I.      INTRODUCTION ...................................................................1

II.     FACTUAL HISTORY AND COMPLAINT ALLEGATIONS ...............1

III.    LEGAL STANDARD .............................................................2

IV.     ANALYSIS ......................................................................3

        A.     The Entire Complaint Fails for Lack of Tender ............................3

        B.     The First Claim for Declaratory Relief Fails ...................................4

        C.     The Second and Third Claims for Relief Based Upon
               California Civil Code Sections 29235.5, 2923.55 and
               2923.6 Fail ........................................................5

               1.  The Section 2923.5 and 2923.55 allegations fail .................5

               2.  The Section 2923.6 allegations fail .......................5

               3.  Plaintiffs are not entitle to damages under any of
                   the above Civil Code Sections................................7

        D.     The Fourth Claim for Relief for Negligence Fails........…………..…7

        E.     The Fifth Claim for Breach of the Covenant of Good Faith
               and Fair Dealing Fails ....................................................9

        F.     The Sixth Claim for Relief for Violation of California
               Business and Professions Code Section 17200 Fails …..............11

               1.  Plaintiffs Lack Standing to Raise a UCL Claim
                   for Relief..........................................................11

               2.  The "Fraudulent" Prong Fails to Meet the Specificity
                   Requirement....................................................12

3. Plaintiffs Failed to Raise a Predicate "Unlawful" Act ........13

4. Plaintiffs Fail to "Tether" Any "Unfair" Practice ...............13

V.    CONCLUSION………………………………………….……...14

# TABLE OF AUTHORITIES

**Page No.**

## Cases

Alcaraz v. Wachovia Mortg., FSB

592 F. Supp. 2d 1296, 1301-02 (E.D. Cal. Jan. 6, 2009)....................................14

Alexander v.Codemasters Group Limited

104 Cal.App.4th 129, 141 (2002).........................................................................10

Argueta v. J.P. Morgan Chase

2011 WL 2619060, *5 (E.D. Cal. June 30, 2011) .................................................9

Arnold's Management Corp. v. Eischen

158 Cal. App. 3d 575, 577 (1984).........................................................................3

Ashcroft v. Iqbal

(2009), 556 U.S. ___, 129 S.Ct. 1937 ...................................................................3

Balistreri v. Pacifica Police Department

(9th Cir. 1988) 855 F.2d 1421, 1424.....................................................................3

Bentley v. Mountain

51 Cal.App.2d 95, 98 (1942)...............................................................................10

Berryman v. Merit Prop. Mgmt., Inc.

152 Cal. App. 4th 1544, 1555 (2006) .................................................................14

Birdsong v. Apple, Inc.

590 F.3d 955, 959-60 (9th Cir. 2009) .................................................................12

Bower v. AT&T Mobility, LLC

196 Cal. App. 4th 1545, 1554 (2011) .................................................................12

Boyce v. T.D. Service Company

2015 WL 1290770, at *5 (Cal. App. 2 Dist. 2015).................................................1

Cadlo v. Owens-Illinois, Inc.

125 Cal. App. 4th 513, 519 (2004) .....................................................................13

California Ins. Guarantee Ass'n v. Sup. Ct.

   231 Cal.App.3d 1617, 1623 (1991)..................................................................4

Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.

   20 Cal. 4th 163, 187 (1999) .................................................................11, 14

Chabner v. United Omaha Life Ins. Co.

   225 F.3d 1042, 1048 (9th Cir. 2000)...........................................................13

City of Cotati v. Cashman

   29 Cal. 4th 69, 80 (2009) ...............................................................................4

Conley v. Gibson

   355 U.S. 41, 45-46 (1957)..............................................................................2

Construction Protective Services v. TIG Specialty Ins. Co.

   29 Cal.4th 189, 199 (2002) .........................................................................10

Dack v. Shanman

   (S.D.N.Y. 1964) 227 F.Supp. 26, 30.............................................................3

Das v. Bank of America, N.A.

   (2010) 186 Cal.App.4th 727, 740 .................................................................8

De La Cruz v. Tormey

   (9th Cir. 1978) 582 F.2d 45, 48, cert. denied, 441 U.S. 965 (1979)................2

Dooms v. Federal Home Loan Mortg. Corp.

   2011 WL 1303272, *8-9 (E.D.Cal., 2011); .................................................9

Dumas v. Kipp

   90 F.3d 386, 393 (9th Cir. 1996)...................................................................3

Farmers Ins. Exch. v. Super. Court

   (1992) 2 Cal. 4th 377, 383 ...........................................................................13

Farmers Ins. Exch. v. Super. Ct.

   2 Cal. 4th 377, 393 (1992) ...........................................................................11

General of America Ins. Co. v. Lilly

   258 Cal.App.2d 465, 470 (1968)...................................................................4

Gillespie v. Civiletti

   (9th Cir. 1980) 629 F.2d 637, 640................................................................2

Gilmore v. Lycoming Fire Ins. Co.

   55 Cal. 123, 124 (1880).................................................................10

Glenn K. Jackson Inc. v. Roe

   273 F.3d 1192, 1203 (9th Cir. 2001)................................................14

Gregory v. Albertson's, Inc.

   104 Cal. App. 4th 845, 854 (2002) ................................................14

Habitat Trust for Wildlife, Inc. v. City of Rancho Cucamonga

   175 Cal. App. 4th 1306, 1344 (2009) .................................................9

Hall v. Time, Inc.

   158 Cal. App. 4th 847, 849 (2008) .....................................11, 12

Harris v. Rudin, Richman & Appel

   74 Cal. App. 4th 299, 307 (1999)..................................................10

In re Tobacco II Cases

   46 Cal.4th 298, 328 (2009) ................................................13

Ingels v. Westwood One Broad. Servs., Inc.

   129 Cal. App. 4th 1050, 1060 (2005) ................................................13

Karimi v. Wells Fargo

   U.S. Dist. LEXIS 47902, *7 (C.D.Cal.2011)...................................9

Karlsen v. American Sav. & Loan Assn.

   15 Cal. App. 3d 112, 117 (1971)..........................................3

Khoury v. Maly's of Cal., Inc.

   14 Cal.App.4th 612, 619 (1993)...............................................11, 12

Korea Supply Co. v. Lockheed Martin Corp.

   29 Cal. 4th 1134, 1143 ........................................................11

Ladd v. County of San Mateo

   12 Cal.4th 913, 917 (1996) .................................................7

Lazar v. Superior Court

   12 Cal. 4th 631, 645 (1996) ......................................................................12

Levy v. State Farm Mut. Auto. Ins. Co.

   150 Cal.App.4th 1, 5 (2007)....................................................................10

McDonald v. Coldwell Banker

   543 F.3d 498, 506 (9th Cir. 2008)..........................................................14

Pneucrete Corp. v. United States Fidelity & Guaranty Co.

   7 Cal.App.2d 733, 741(1935)...................................................................10

Renteria v. U.S.

   452 F. Supp. 2d 910, 922–23 (D.Ariz. 2006).........................................9

Robinson Helicopter Co., Inc. v. Dana Corp.

   34 Cal. 4th 979, 993 (2004) ....................................................................12

Saunders v. Super. Ct.

   27 Cal. App. 4th 832, 838-39 (1994) ......................................................11

See Branch v. Tunnell

   14 F.3d 449, 453-54 (9th Cir. 1994), ......................................................3

Sierra-Bay Fed. Land Bank Ass'n. v. Superior Court

   227 Cal. App. 3d 318, 334 (1991)............................................................8

Smith v. City and County of San Francisco

   (1990) 225 Cal.App.3d 38, 49...................................................................9

Snyder v. United Properties Co.

   53 Cal.App. 428, 431 (1921)....................................................................10

Stinson v. Home Insurance Co.

   (N.D. CA 1988) 690 F.Supp. 882, 886 ...................................................3

Tarmann v. State Farm Mut. Auto Ins. Co.

   2 Cal. App. 4th 153, 157 (1991)..............................................................12

Travers v. Louden

   254 Cal. App. 2d 926, 929 (1967)............................................................4

Wagner v. Benson

    (1980) 101 Cal.App.3d 27, 35.................................................................8

Wall Street Network, Ltd. v. New York Times Co.

    164 Cal.App.4th 1171, 1178 (2008) ..................................................10

## Statutes

California Business & Professions Code § 17200 and § 17204.............................12

California Civil Code § 2923.6.................................................................................5

California Civil Code § 2923.6 (c) ..........................................................................6

California Civil Code § 2923.6 (g) ..........................................................................6

California Civil Code § 2923.6 (h) ..........................................................................6

California Civil Code §§ 2924.12(a)(1) and 2924.19(a)(1) .....................................7

California Civil Code §§ 2924.12(a)(2) and 2924.19(a)(2) .....................................7

California Civil Code §§ 2924.12(c) and 2924.19(c)...............................................7

California Civil Code §§ 2923.5, 2923.55, and 2923.6............................................5

California Civil Code §§ 2923.5 and 2923.55.........................................................5

## Other Authorities

4 Miller & Starr, California Real Estate §10:212, p. 685-86 (3rd ed. 2000) ...........3

4 Witkin, Cal. Procedure, supra, Pleading § 519, pp. 650–651 ............................10

Moore's Federal Practice,  Vol. 2, ¶ 12.34 [4][a], [b] (3d ed. 2006):......................2

## Rules

FRCP Rule 8 ...........................................................................................................3

FRCP Rule 12 .........................................................................................................2

FRCP Rule 201 .......................................................................................................3

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

In a case like so many others pending before our courts today, Plaintiffs sue to stall the foreclosure of their real property.  Having defaulted on their real estate loan to the tune of nearly $54,000.00 by November 2012, they have lived rent free and property tax free for well over three years, and likely closer to four.

They admit they applied for and were denied a loan modification on at least three occasions in 2013 and 2014.  Now, facing eventual foreclosure, they sue, alleging claims for relief that are not supported by the admitted facts or the law and contradicted by documents of which this court may take judicial notice.  It is clear they are desperate to save their home, but after so many years, this must stop.  Indeed, as one court so aptly put it…. "Enough!"  Boyce v. T.D. Service Company, 2015 WL 1290770, at *5 (Cal. App. 2 Dist. 2015).

## II.   FACTUAL HISTORY AND COMPLAINT ALLEGATIONS

On or about December 8, 2009, via recorded grant deed, Plaintiffs acquired title to real property commonly known as 141-141 ½ West 59th Street, Los Angeles, California 90003 (the "Real Property").  (Request for Judicial Notice ("RJN"), Exhibit ("Ex.") 1; see also, Complaint, ¶ 5).  Concurrent with that grant deed (and to finance their purchase of the Real Property), Plaintiffs obtained a real property loan in the original amount of $328,932.00 (the "Loan") from Prospect Mortgage LLC, which Loan was secured by a Deed of Trust (the "Deed of Trust") recorded on December 8, 2009.  (RJN, Ex. 2; Complaint, ¶ 10 and Exhibit A attached thereto).  On May 23, 2012, the Deed of Trust was assigned to Bank of America, N.A.  (RJN, Ex. 3).  On October 3, 2013, the Deed of Trust was assigned from Bank of America, N.A. to Lakeview.  (RJN, Ex. 4, Complaint, ¶ 11 and Exhibit B attached thereto).  M&T services the Loan for Lakeview.  (Complaint, ¶ 12).

The Complaint alleges that in either early 2013 or 2014, Plaintiffs contacted

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT

M&T to inquire about a loan modification, and they thereafter submitted a loan modification application.  (Complaint, ¶¶ 13, 17 and 47).  The Complaint also alleges that at the time they contacted M&T about loan modification, M&T advised them to let their loan become delinquent, and that M&T "lured" them into default so that it could foreclose on the Real Property.  (Complaint, ¶ 25).  But these allegations are disproved by the Notice of Default ("NOD"), which reflects the fact that by November 1, 2012, the Loan was already delinquent in an amount of $53,312.26 (i.e., Plaintiffs were delinquent on the Loan long before November 1, 2012).  (RJN, Ex. 6, Complaint, ¶ 24 and Exhibit C attached thereto).

The Complaint goes on to admit that M&T eventually advised Plaintiffs that their application had been denied.  (Complaint, ¶¶  21 and 50).  Plaintiffs further admit that they submitted two additional loan modification applications, both of which M&T denied.  (Complaint, ¶¶ 22, 51 and 52).

Eventually, an on August 5, 2014, Lakeview substituted Quality Loan Service Corporation ("Quality") as the trustee under the Deed of Trust. (RJN, Ex. 5).  On September 12, 2014, Quality caused to be recorded the NOD.  (RJN, Ex. 6).  The foreclosure is still pending.

## III.   LEGAL STANDARD

The standard to be applied to a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) is well-established:  a complaint may be dismissed if it appears beyond doubt that plaintiff can prove no set of facts in support of a claim which would entitle plaintiff to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also, Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980);  De La Cruz v. Tormey, 582 F.2d 45, 48 (9th Cir. 1978) cert. denied, 441 U.S. 965 (1979).  Further, according to Moore's Federal Practice,  Vol. 2, ¶ 12.34 [4][a], [b] (3d ed. 2006):

> [d]ismissal under Rule 12 (b)(6) is proper if the complaint lacks an allegation regarding an element necessary to obtain relief....Dismissal

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT

under Rule 12(b)(6) may also be appropriate when a successful affirmative defense or other bar to relief appears on the face of the complaint.

Additionally, where the claims in a complaint are insufficiently supported by factual allegation, the claims may be disposed of by summary dismissal.  See, Balistreri v. Pacifica Police Department, 855 F.2d 1421, 1424 (9th Cir. 1988); Stinson v. Home Insurance Co., 690 F. Supp. 882, 886 (N.D. Cal.1988); Dack v. Shanman, 227 F. Supp. 26, 30 (S.D.N.Y. 1964) (dismissing complaint where count was so sketchy as to be unintelligible).  Further, in May 2009, the United States Supreme Court, in Ashcroft v. Iqbal, admonished that Federal Rule of Civil Procedure, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 662 556 U.S. 662, 129 S.Ct. 1937 (2009).  The Court made clear that "threadbare recitals of a cause of action's elements supported by conclusory statements" are insufficient to overcome a motion to dismiss.  Id. at 1950.

Moreover, a court may take judicial notice of recorded loan and title documents, and their contents, if they are referenced in the complaint, and are thus deemed incorporated.  FRCP Rule 201, see also, Branch v. Tunnell, 14 F.3d 449, 453-54 (9th Cir. 1994), overruled on other grounds.  Finally, when amendment would be futile, dismissal may be ordered with prejudice.  Dumas v. Kipp, 90 F.3d 386, 393 (9th Cir. 1996).

## IV.   ANALYSIS

## A.   THE ENTIRE COMPLAINT FAILS FOR LACK OF TENDER

A party seeking to challenge a foreclosure sale appears in equity and is thus required to do equity before a court will exercise its equitable powers.  4 Miller & Starr, California Real Estate §10:212, p. 685-86 (3rd ed. 2000); see also, Arnold's Management Corp. v. Eischen, 158 Cal. App. 3d 575, 577 (1984) and Karlsen v. American Sav. & Loan Assn., 15 Cal. App. 3d 112, 117 (1971).  As a consequence of this rule, "[a] valid and viable tender of payment of the indebtedness owing is

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT

essential to an action to cancel a voidable sale under a deed of trust." <u>Karlsen,</u> at 117 (citations omitted). Here, Plaintiffs have not alleged a valid tender of all amounts required to cure the Loan's default.

**B.      THE FIRST CLAIM FOR DECLARATORY RELIEF FAILS.**

An action for declaratory relief will not lie to determine an issue which is already the subject of an existing claim.  <u>California Ins. Guarantee Ass'n v. Sup. Ct.,</u> 231 Cal.App.3d 1617, 1623 (1991).

> "The declaratory relief statute should not be used for the purpose of anticipating and determining issues which can be determined in the main action. The object of the statute is to afford a new form of relief where needed and not to furnish a litigant with a second cause of action for the determination of identical issues."

<u>Id.</u> at 1624; citing <u>General of America Ins. Co. v. Lilly,</u> 258 Cal.App.2d 465, 470 (1968).

Plaintiffs seek declaratory relief on precisely the same issues that are already before the court in the other claims, which is impermissible. Additionally, California courts have held that the main requirement for declaratory relief is a "present and actual controversy" between the parties. <u>City of Cotati v. Cashman,</u> 29 Cal. 4th 69, 80 (2009).   As set forth above, the Complaint does not contain any facts whatsoever as to an "actual and present controversy" between Plaintiffs and M&T.   Moreover, declaratory relief is only an actionable cause of action with regard to future conduct.  It is not a proper cause of action to address events that have already happened.  <u>Travers v. Louden,</u> 254 Cal. App. 2d 926, 929 (1967). Because each of the Plaintiffs' claims is premised on purported past wrongdoings, this request for declaratory relief fails.

///

///

///

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS'
COMPLAINT

**C.**    **THE SECOND AND THIRD CLAIMS FOR RELIEF BASED UPON CALIFORNIA CIVIL CODE SECTIONS 2923.5, 2923.55 AND 2923.6 FAIL.**

### 1. The Section 2923.5 and 2923.55 allegations fail.

Plaintiffs second and third claims for relief are based upon California's Homeowner Bill of Rights ("HBOR"), specifically California Civil Code Sections 2923.5, 2923.55, and 2923.6.  Sections 2923.5 and 2923.55 require that, before an NOD may be recorded, a mortgage servicer must contact the borrower in order "to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure."  Cal. Civ. Code §§ 2923.5 and 2923.55.   Preliminarily, while M&T is the servicer of Plaintiffs' Loan, Lakeview is not.  Therefore any claim for violation of these Sections does not apply to Lakeview.  Further, here, the Complaint alleges a violation of these Sections[1] for failure to contact Plaintiffs and "engage in due diligence" before recording the NOD in 2014.  (Complaint, ¶34).  But Plaintiffs admit in the Complaint that in the years 2013 and 2014, they submitted three separate loan modification applications, all three of which M&T denied.  Consequently, Plaintiffs have admitted M&T's compliance with these Civil Code Sections.

### 2. The Section 2923.6 allegations fail.

Review under California Civil Code Section 2923.6 operates under very specific circumstances.   First, the very same preliminary argument above applies here.  This claim does not apply to Lakeview because it is not the Loan's servicer and Section 2923.6 applies only to servicers; to wit:  M&T.  Second, this Section requires a completed loan modification application. Specifically, California Civil Code Section 2923.6 states, in pertinent part that:

> (c) i[f] a borrower submits a **complete application for a first lien loan modification** offered by, or through, the borrower's mortgage

---

[1] The heading for the Claim for Relief indicates that the claim is made under Section 2923.5, but the body of the allegations alleges a violation of both Sections 2923.5 and 2923.55.  For that reason M&T both Civil Code Sections.

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT

servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending.

Cal. Civ. Code § 2923.6(c) (emphasis added).

Section 2923.6(h) defines completion:

(h) For purposes of this section, **an application shall be deemed "complete" when a borrower has supplied the mortgage servicer with all documents required by the mortgage servicer** within the reasonable timeframes specified by the mortgage servicer.

Cal. Civ. Code § 2923.6 (h) (emphasis added).

Thus, Section 2923.6(c) applies only when a **complete** loan modification application is pending and, a loan modification application is complete as determined by the servicer and the servicer's document requests, and the borrower has submitted all documents. Here, as shown above, the Complaint alleges that M&T advised Plaintiffs that their loan modification applications were not complete, and on that basis the applications were denied.

Further, Section 2923.6(g) specifically states:

(g) In order to minimize the risk of borrowers submitting multiple applications for first lien loan modifications for the purpose of delay, **the mortgage servicer shall not be obligated to evaluate applications from borrowers who have already been evaluated or afforded a fair opportunity to be evaluated for a first lien loan modification prior to January 1, 2013, or who have been evaluated or afforded a fair opportunity to be evaluated consistent with the requirements of this section, unless there has been a material change in the borrower's financial circumstances since the date of the borrower's previous application and that change is documented by the borrower and submitted to the mortgage servicer.** (emphasis added).

Cal. Civ. Code § 2923.6 (g).

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS'
COMPLAINT

The statute specifically contemplates that a borrower may have already been reviewed for a loan modification and specifically does not create a renewed obligation to review again.

Finally, the Complaint alleges that under this Civil Code Section, M&T cannot conduct a foreclosure sale while a loan modification application is pending. (Complaint, ¶ 38). This allegation is defeated by the fact that Plaintiffs do not allege they have a completed loan modification application pending, and no foreclosure sale has yet occurred.

### 3. Plaintiffs are not entitled to damages under any of the above Civil Code Sections.

Plaintiffs seek damages for their allegations. (Complaint, ¶¶ 35 and 42). But the law does not allow them damages. Even assuming <u>arguendo</u> HBOR had been violated, a borrower may only seek injunctive relief to enjoin a material violation Section 2923.5, 2923.55 or 2923.6, if the trustee's deed is not yet recorded. Cal. Civ. Code §§ 2924.12(a)(1) and 2924.19(a)(1). Such an injunction could only remain in place "until the court determines that the mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent has corrected and remedied the violation or violations giving rise to the action for injunctive relief. Cal. Civ. Code §§ 2924.12(a)(2) and 2924.19(a)(2). Finally, "[a] mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not be liable for any violation that it has corrected and remedied prior to the recordation of a trustee's deed upon sale." Cal. Civ. Code §§ 2924.12(c) and 2924.19(c).

### D. THE FOURTH CLAIM FOR RELIEF FOR NEGLIGENCE FAILS.

To allege a cause of action for negligence, a complaint must plead that (1) defendant had a legal duty to conform to a standard of conduct to protect plaintiff, (2) defendant failed to meet this standard of conduct, (3) defendant's failure was the proximate or legal cause of the resulting injury, and that (4) plaintiff was damaged. <u>Ladd v. County of San Mateo,</u> 12 Cal.4th 913, 917 (1996).

"[A]s a general rule, a financial institution owes no duty of care to a

borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." <u>Das v. Bank of America, N.A.,</u> 186 Cal. App. 4th 727, 740 (2010) (citing <u>Nymark,</u> supra, 231 Cal. App. 3d at 1096). "There is no actionable duty between a lender and borrower in that loan transactions are arms-length. A lender "'owes no duty of care to the [borrowers] in approving their loan. Liability to a borrower for negligence arises only when the lender 'actively participates' in the financed enterprise 'beyond the domain of the usual money lender.'" <u>Wagner v. Benson,</u> 101 Cal. App. 3d 27, 35 (1980).

California has long recognized that in commercial transactions, each party acts in its own best interest. As explained in <u>Perlas v. GMAC Mortg., LLC</u>:

> [a] commercial lender pursues its own economic interests in lending money. A lender 'owes no duty of care to the [borrowers] in approving their loan.' A lender is under no duty 'to determine the borrower's ability to repay the loan.... The lender's efforts to determine the creditworthiness and ability to repay by a borrower are for the lender's protection, not the borrower's.'

<u>Perlas v. GMAC Mortg.,</u> LLC, 187 Cal. App. 4th 429, 436 (2010) (citations omitted).

Similarly, in <u>Das,</u> the court concluded that:

> [a] commercial lender is not to be regarded as the guarantor of a borrower's success and is not liable for the hardships which may befall a borrower. It is simply not tortious for a commercial lender to lend money, take collateral, or to foreclose on collateral when a debt is not paid. And in this state a commercial lender is privileged to pursue its own economic interests and may properly assert its contractual rights."

<u>Das, supra,</u> 186 Cal. App. 4th at 740-41 (citing <u>Sierra-Bay Fed. Land Bank Ass'n. v. Superior Court,</u> 227 Cal. App. 3d 318, 334 (1991)); <u>see also,</u> <u>Wagner, supra,</u> 101 Cal. App. 3d at 34 (public policy does not impose upon the bank absolute liability for the hardships which may befall the [borrower]

-8-

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS'
COMPLAINT

it finances.  The success of a borrower's investment is not a benefit of the

loan agreement which the bank is under a duty to protect).

Given this arm's length relationship between lenders and borrowers, courts have recognized that the borrowers should act on their own judgment and risk assessment to determine whether or not to accept the loan.  See, Perlas, supra, 187 Cal. App. 4th at 436 (citing Renteria v. U.S., 452 F. Supp. 2d 910, 922–23 (D.Ariz. 2006)).

The arm's length relationship between the parties to a mortgage loan transaction does not cease to exist at the time of consummation of the loan, but continues throughout the life of the loan, encompassing all actions concerning the servicing of the loan, including and any and all negotiations concerning modification of its terms and foreclosure on the collateral.  See, Karimi v. Wells Fargo, 5:2011CV00461, U.S. Dist. LEXIS 47902, *7 (C.D. Cal. 2011) (modification is an activity that is "intimately tied to Defendant's lending role"). Therefore, while the parties may engage in the process of negotiating for a loan modification, the servicer and the beneficiary are still pursuing their own economic interests in lending money and, therefore, owe no legal duty to the borrower. See, e.g., Dooms v. Federal Home Loan Mortg. Corp., CV F 11-0352 LJO DLB, 2011 WL 1303272, *8-9 (E.D. Cal. Mar. 31, 2011); Argueta v. J.P. Morgan Chase, CIV. 2:11-441 WBS, 2011 WL 2619060, *5 (E.D. Cal. June 30, 2011).

There are no factual allegations that would take this cause of action as plead out of the ordinary duty standard set out above.

**E.**     **THE FIFTH CLAIM FOR BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING FAILS.**

"Breach of the covenant of good faith and fair dealing is nothing more than a cause of action for breach of contract." Habitat Trust for Wildlife, Inc. v. City of Rancho Cucamonga, 175 Cal. App. 4th 1306, 1344 (2009). "The standard elements of a claim for breach of contract are: '(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff

therefrom.'" <u>Wall Street Network, Ltd. v. New York Times Co.,</u> 164 Cal.App.4th 1171, 1178 (2008). "To form a contract, an 'offer must be sufficiently definite ... that the performance promised is reasonably certain.'" <u>Alexander v.Codemasters Group Limited,</u> 104 Cal.App.4[th] 129, 141 (2002). "Facts alleging a breach, like all essential elements of a breach of contract cause of action, must be pleaded with specificity." <u>Levy v. State Farm Mut. Auto. Ins. Co.,</u> 150 Cal.App.4[th] 1, 5 (2007); <u>see,</u> <u>Bentley v. Mountain,</u> 51 Cal.App.2d 95, 98 (1942) ("The allegations of the amended complaint to the effect that defendants 'violated' said contracts, or 'caused the violation' of said contracts by others, are mere conclusions of law which cannot strengthen the pleading in the absence of allegations of fact showing such violations").

"Where a party relies upon a contract in writing, and it affirmatively appears that all the terms of the contract are not set forth in <u>haec verba,</u> nor stated in their legal effect, but that a portion which may be material has been omitted, the complaint is insufficient." <u>Gilmore v. Lycoming Fire Ins. Co.,</u> 55 Cal. 123, 124 (1880).  Thus, terms of a written contract must either be set out verbatim or a copy of the written agreement must be attached as an exhibit and incorporated into the complaint.  <u>Harris v. Rudin, Richman & Appel,</u> 74 Cal. App. 4th 299, 307 (1999). Alternatively, "[t]he other method of pleading a written contract is according to its legal effect, by alleging the making, and then proceeding to allege the substance of its relevant terms. This is more difficult, for it requires a careful analysis of the instrument, comprehensiveness in statement, and avoidance of legal conclusions, and it involves the danger of variance where the instrument proved differs from that alleged.  Nevertheless, it is an established method, although infrequently employed. [Citations.]" (4 Witkin, Cal. Procedure, supra, Pleading § 519, pp. 650–651, citing <u>Construction Protective Services v. TIG Specialty Ins. Co.,</u> 29 Cal.4th 189, 199 (2002); <u>Pneucrete Corp. v. United States Fidelity & Guaranty Co.,</u> 7 Cal.App.2d 733, 741(1935); <u>Snyder v. United Properties Co.,</u> 53 Cal.App. 428, 431 (1921)).

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Here, the Complaint alleges the Note and Deed of Trust as the contract, but does not allege any portions of those documents which would apply to the alleged breach of duty of failing to process Plaintiffs' loan modification application.

## F. THE SIXTH CLAIM FOR RELIEF FOR VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200 FAILS.

The UCL precludes any unlawful, unfair, or fraudulent business act or practice.  The "unlawful" prong of the UCL applies where a practice is "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." Saunders v. Super. Ct., 27 Cal. App. 4th 832, 838-39 (1994) (citation omitted). In short, the UCL "borrows" violations of other laws and authorizes a separate action pursuant to the UCL. See, Farmers Ins. Exch. v. Super. Ct., 2 Cal. 4th 377, 393 (1992). The "unfair" prong applies when the practice at issue allegedly violates "the policy or spirit of [anti-trust] laws because its effects are comparable to a violation of the law, or that otherwise significantly threatens or harms competition." Cel-Tech Commc'ns, Inc., v. L.A. Cellular Tel. Co, 20 Cal. 4th 163, 187 (1999). The "fraudulent" prong, post-enactment of Proposition 64, applies where a business act or practice actually misleads a plaintiff.  See, Hall v. Time, Inc., 158 Cal. App. 4th 847, 849 (2008).

A claim under Section 17200 must state with reasonable particularity the facts supporting the elements of the alleged violation. Khoury v. Maly's, Inc., 14 Cal. App. 4th 612, 619 (1993). It requires an allegation of particular facts showing ongoing unlawful, unfair, and fraudulent business acts on the part of the defendant. Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1143; Khoury, supra, at 619 (2003).

Plaintiffs' UCL claim is based upon their alleged loan modification applications and allegations of HBOR violations. (Complaint, ¶¶ 67 and 69).

### 1. Plaintiffs Lack Standing To Raise a UCL Claim for Relief.

Standing to sue under the UCL is limited to any "person who has suffered injury in fact and has lost money or property" as a result of unfair competition.

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Bower v. AT&T Mobility, LLC, 196 Cal. App. 4th 1545, 1554 (2011); Cal. Bus.& Prof. Code § 17200 and § 17204. This provision requires Plaintiffs to show that they have lost "money or property" sufficient to constitute an "injury in fact" under Article III of the Constitution. See, Birdsong v. Apple, Inc., 590 F.3d 955, 959-60 (9th Cir. 2009). The provision also requires a "causal connection" between the Defendants' alleged violation and their injury in fact. Hall v. Time, Inc., 158 Cal. App. 4th 847 (2008).

Here, the pleadings are devoid of facts showing how the Defendants caused actual loss to Plaintiffs, which is essential to a UCL claim. Plaintiffs did not suffer actual loss as they admit they borrowed money and defaulted on the Loan causing foreclosure proceedings to be initiated, and their loan modification applications were denied for stated reasons appearing in the Complaint.  Further, there are no viable HBOR allegations.

## 2.  The "Fraudulent" Prong Fails to Meet the Specificity Requirement.

Plaintiffs' allegations fall far short of the specificity required; therefore, they cannot be the basis for their UCL claim. For all UCL claims, "[a] plaintiff must state with reasonable particularity the facts supporting the statutory elements of the violation." Khoury v. Maly's of Cal., Inc., 14 Cal.App.4th 612, 619 (1993). If their theory is based upon fraud, the specificity requirement of pleading a cause of action for fraud applies to the UCL claim. Fraud requires specific allegations of facts that "show how, when, where, to whom, and by what means the representations were tendered." Lazar v. Superior Court, 12 Cal. 4th 631, 645 (1996); Robinson Helicopter Co., Inc. v. Dana Corp., 34 Cal. 4th 979, 993 (2004). Further, in a fraud claim against a corporation, a plaintiff must allege the names of the persons who made the misrepresentations, their authority to speak for the corporation, to whom they spoke, what they said or wrote, and when it was said or written.  Perlas v. GMAC Mortg., LLC, 187 Cal. App. 4th 429, 434 (2010); Tarmann v. State Farm Mut. Auto Ins. Co., 2 Cal. App. 4th 153, 157 (1991).

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Here, the allegations fail meet the specificity requirements.  Additionally, Plaintiffs fail plead any actionable reliance on the purported fraud. <u>In re Tobacco II Cases,</u> 46 Cal.4th 298, 328 (2009). A claim for fraud must specifically allege facts supporting reliance. <u>Cadlo v. Owens-Illinois, Inc.,</u> 125 Cal. App. 4th 513, 519 (2004) ("[T]he mere assertion of 'reliance' is insufficient. The plaintiff must allege the specifics of his or her reliance on the misrepresentation to show a bona fide claim of actual reliance.")

### 3.  <u>Plaintiffs Failed To Raise A Predicate "Unlawful" Act.</u>

The Complaint attempts to allege an unlawful practice of "luring" Plaintiffs into submitting a loan modification application.  (Complaint, ¶ 67).  But the documents show that Plaintiffs' defaulted long before they contacted M&T to apply for a loan modification.  The Complaint also alleges that Defendants failed to comply with the non-judicial foreclosure statutes (presumably the alleged HBOR violations discussed above).  (Complaint, ¶ 69).  "[A]n action based on [the UCL] to redress an unlawful business practice 'borrows' violations of other laws and treats these violations…as unlawful practices, independently actionable under section 17200 et seq. and subject to the distinct remedies provided thereunder." <u>Farmers Ins. Exch. v. Super. Court,</u> (1992) 2 Cal. 4th 377, 383 (quotations and citations omitted); <u>Chabner v. United Omaha Life Ins. Co.,</u> 225 F.3d 1042, 1048 (9th Cir. 2000).

Where a plaintiff cannot state a claim under the "borrowed" law, he or she cannot state a UCL claim either. <u>Ingels v. Westwood One Broad. Servs., Inc.,</u> 129 Cal. App. 4th 1050, 1060 (2005) ("A defendant cannot be liable under § 17200 for committing unlawful business practices without having violated another law.") Here, because all of Plaintiffs' predicate claims for relief fail, so too does their UCL claim for relief fail.

### 4.  <u>Plaintiffs Fail To "Tether" Any "Unfair" Practice.</u>

An unfair business practice under the UCL is "one that either offends an established public policy or is immoral, unethical, oppressive, unscrupulous, or

-13-

substantially injurious to consumers." <u>McDonald v. Coldwell Banker,</u> 543 F.3d 498, 506 (9th Cir. 2008); <u>Glenn K. Jackson Inc. v. Roe,</u> 273 F.3d 1192, 1203 (9th Cir. 2001). Alternatively, an act is "unfair" under the UCL "if the consumer injury is substantial, is not outweighed by any countervailing benefits to consumers or to competition, and is not an injury the consumers themselves could have reasonably avoided." <u>Berryman v. Merit Prop. Mgmt., Inc.,</u> 152 Cal. App. 4th 1544, 1555 (2006). "Vague references to 'public policy'…provide little real guidance… the action must be 'tethered' to specific constitutional, statutory or regulatory provisions." <u>Gregory v. Albertson's, Inc.,</u> 104 Cal. App. 4th 845, 854 (2002); <u>Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.,</u> 20 Cal. 4th 163 (1999).

Here, Plaintiffs attempt to tether the UCL cause of action to violations of HBOR or an allegation of "luring" them in to foreclosure. But as shown above, each of those claims for relief or allegations fail and are contradicted by the law and facts applicable to this case. Furthermore, it is axiomatic that foreclosures pose a hardship on property occupants. Yet if this was the main consideration, lenders would never be permitted to enforce their security interest and proceed to sale. <u>Alcaraz v. Wachovia Mortg., FSB,</u> 592 F. Supp. 2d 1296, 1301-02 (E.D. Cal. Jan. 6, 2009). Accordingly, this claim for relief fails.

## V.     CONCLUSION

For all of the reasons discussed above, M&T respectfully request that the court grant this Motion to Dismiss, <u>with prejudice</u>.

Respectfully submitted,

**WRIGHT, FINLAY & ZAK, LLP**

Dated: April 21, 2015          By:     <u>*/s/ Patricia L/ Penny*</u>
                                         T. Robert Finlay, Esq.
                                         Patricia L. Penny, Esq.
                                         Attorneys for Defendants,
                                         M&T BANK and LAKEVIEW
                                         LOAN SERVICING, LLC

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS'
COMPLAINT

## PROOF OF SERVICE

I, Jovete Elguira, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.

On April 21, 2015, I served the within **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** on all interested parties in this action as follows:

[X]   by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

> Le'Roy T. Roberson, Esq.
> Tiffany N. Romaine, Esq.
> DISTRICT LAW FIRM
> 3380 Flair Drive, Suite 233
> El Monte, CA 91731
> *Attorneys for Plaintiffs,*
> *Celia Gonzalez and Emilio F. Castillo*

[X]   (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[ ]   (BY OVERNIGHT EXPRESS - NEXT DAY DELIVERY) I placed true and correct copies of thereof enclosed in a package designated by Federal Express with the delivery fees provided for.

[X]   (FEDERAL) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 21, 2015, at Newport Beach, California.

/s/      Jovete Elguira
Jovete Elguira